Good morning. Tom Schlesinger for Manuel Ramos. May it please the Court. I ask to reserve about three minutes in rebuttal. Did the District Court err in rendering the sentence in this case? The District Court did rely on the guidelines as part of the framework. Should he have relied on the guidelines? As far as I can tell, the whole process here is precluded by case law. He's supposed to start, isn't he, with the mandatory minimum and go down from there? Why are we talking about the guidelines? Well, there's two answers to that. First of all, the District Court judge in this case chose the wrong starting point, because if the starting point should be the minimum mandatory, that's not what the judge did here. What the judge did was he said... I think you're right about that. I didn't understand you to have said that in your briefs, but go ahead. There's a bigger problem here, though, and it has to do with... I'm going to interrupt you just a second, because I have a hard time with the fact that the district judge never had any of this in front of him. The district judge, the counsel agreed that this is where the judge should start and didn't object to any of the process by which the judge did his calculation and agreed to it. So basically, it's invited error if he used the wrong method. No, it was forfeited error. It was not waived. There's a distinction there. There was no affirmative statement that we waived this issue. Could you explain exactly what error you're talking about now? Okay. The error is that... As part of it, there's two preferential outcomes in here, one subsumed in the other. The first of the outcomes is that the court should have considered acceptance of responsibility in determining what the initial guideline range was. It should have done what? I'm sorry? I didn't hear what you said. The first thing is that the court should have considered the acceptance of responsibility that was recommended by the U.S. probation officer and was not congested by the court. But you just said before that he shouldn't have been doing the guidelines at all. Is that what you're complaining about or not what you're complaining about? The guidelines are relevant in this case because oftentimes a defendant is not even sentenced based on substantial assistance at the original sentencing because the nature of the cooperation is not fully defined or fully developed. And therefore, the government waits until the... The defendant waits until the Rule 35 stage in order to see a departure. At the outset. And so what we have in this circuit is we have a decision that relates to a Rule 35 in United States v. Taddeo, which indicates that there used to be a time when Rule 35 had the same language as 3553E, that the departure had to reflect substantial assistance. Now they changed that. The advisory committee notes that in 2002. It's a stylistic change. We're not going to say reflect in Rule 35B cases. We're going to say if there was substantial assistance. I really don't understand what this has to do with anything. Well, it is important because in Taddeo, they indicated that when sentencing somebody in a Rule 35 scenario, you... But we're not sentencing anybody in a Rule 35 scenario. No, but you consider... You only consider the 3553E factor... 3553 as a 3553A factor. It becomes just another factor. It's no... It's not... There's nothing... There's nothing either by statute or in the legislative history that suggests that the minimum mandatory is in fact the starting point. But you said it is. You started by saying it is the starting point. Now you're saying it's not the starting point. I didn't say it was the starting point. I said that it should be... It should be considered a factor. I said initially that the district court in this case did a combination. It took the minimum mandatory and it placed it into the guideline grid based upon a criminal history category of four. Are you complaining about that? That way of beginning at the process? Well, that in itself is problematic because if the defendant had a different... It's very problematic, but are you complaining about it? Or did you complain about it? We did brief that and we did... I didn't think you did. ...point that out as being an issue, that procedurally there was a flaw in the court choosing to start at a level 27. But what I'm getting back to is the fact that in a level 35 scenario under Taddeo where you had the same exact language to reflect in the court in Taddeo spent time in trying to go back to that language before the change in 2002 to see whether there was any change in the procedure and it found that no, it doesn't mean anything different after 2002. Let me ask you something as a district judge. It seems to me you're in front of me now and we're sentencing this man. And I tell you that I have to start at 120 months because the statutes require me to do that because it's the mandatory minimum. And now the government's made a motion to depart. It seems like there's three ways that I could look at that. One, what the party's asked me to do is we'll plug it into a guideline, Judge, and then do some departures from that. Well, that's really conceptually not... You can't do that because you're not supposed to take into account those things. The other thing is you could say, Judge, I want you to depart down two years. So it's not related to the guideline. It's purely the cooperation was worth two years. Or, Judge, the cooperation was worth a third. So take a third of 120 months and give him that sentence. But it seems to me those are the three things a district judge could do. One is where you don't take it at all account, any of the guideline principles. Two, where you just look at the quality of the cooperation. In this case, the judge was told, I want you to do it this way. I want you to use a guideline to do it. And then I want you to plug in the guideline to 120 months. I want you to come up with an answer. And then you add five months because the guideline doesn't work so well. It seems to me that whatever those things are, that you've chosen a way to do it. And you may be right. It may be that that was not a good way to do it. They should have just used a percentage or a year. But you've asked the question. What I would do is I was sitting there as a judge. I'd say, well, I don't want to do it, but all the parties want me to do. It seems like it's invited error. Well, I don't think the parties realized that there was a problem here in terms of the way in which the court should conduct the sentencing. The court decided how to conduct the sentencing. Nobody challenged the idea of using the mandatory minimum as a starting point and then reducing it by a percentage or by a set term, either months or years. You mean nobody suggested it? You don't mean nobody challenged it? You mean nobody suggested it? Nobody suggested not doing that? He didn't do that. What he did was he made up a guidelines sentence which included a, for example, prior criminal history and which he's not supposed to be looking at at this point. And he puts it in there and then starts from there. But nobody, but you all say fine, go ahead. I don't blame the judge because the judge was frustrated. The judge said there was no So then from that, so taking, but my understanding of your brief is you weren't really complaining about that. You were complaining of what he did from that starting point. Well, the judge was frustrated because he had no guidance from the appellate court as to how to proceed. And so for many years now, courts have been sentencing on the basis of increments either in terms of years and months or percentages, as you've mentioned. And our position is that that's really wrong because you have a violation of due process and equal protection. Because if you go to the Rule 35 stage, they tell you that the term to reflect means to take into account, which means to consider both assistance and non-assistance factors and to look at the guidelines itself as a determination as to where the starting point should be. Not that the minimum mandatory should in fact be the starting point. Do you want to reserve time? You have one minute left. Okay. Thank you. Does that make any sense? Let me ask you a question that comes from the ones I asked. If you were in front of me, and we were having this discussion where someone had raised to the judge, we really shouldn't use the guideline because we can't take into account guideline factors in determining the departure based upon substantial assistance. Would you probably have agreed, said, you're right? We ought to use just purely the substantial assistance without looking at the guideline factors and start at 120 months. And judge, you'd have to figure out either to use years or percentage or whatever other factor that can be done. The answer is no, Your Honor. You're exactly right that courts have done this analysis in three ways. They've started with the mandatory minimum, they've looked at it, and they've created an artificial construct in using the mandatory minimum and then have departed from that in three mechanisms. One, by sheer number of years. Two, by a percentage of reduction. Or third, create an artificial construct of guidelines and discuss the level of departures off of that artificial construct because in many ways, those are the metrics that the case law, it appears that you really can't do that because the guidelines include factors that you're not supposed to be including at this stage and because you're mixing apples and oranges. But what I want to know, I assume I'm right about that, okay, that if you trace that. But how does that fit into this case? This is really what Judge Whaley is asking you. Nobody complained about doing this guideline plug-in thing, did they? No, Your Honor. No, everyone agreed and expressly adopted it. So I think this is at very least plain error. I think it could be invited error. All right. So what do you understand the actual issue of this case to be at that point? Assuming that that's not on the table now, which bothers me, but assuming it isn't, then what? What's the issue? I had a very hard time understanding your opponent's telling me what his problem is. What's his problem? His issue is that he is asserting that Alden-Jackson are no longer good law. But Alden-Jackson are the ones that say that you can't do this. No, what your Alden-Jackson say is that you abandon the lower sentence, the lower applicable sentencing guidelines and look toward the mandatory minimum. Start from the, you didn't start from the mandatory minimum. We did. He took the mandatory minimum and he plugged it into the middle of the guidelines. We found a guideline level that is consistent. But how did you find it? You found it by putting in the criminal history, which is exactly what you're not supposed to be doing. No. Well, it's 120 months. So finding, I still think it was proper for the district court to find, and I can say this is longstanding practice in the central district. I know it is. And that's why it troubles me because it doesn't seem right. But let's take it off the table now. Okay. What is the issue if we assume that's okay? Defendant asserts that Amendment 780 to the guidelines abrogated this court's precedent in Alden-Jackson. We assert that is not the case. The Sentencing Commission cannot abrogate this court's interpretation of a statute. And here what the issue is, he asserts that what the court should have done was not start at 120 months. That once the government files a 3553E motion, the government should have started at the applicable guideline level 24. That's the argument. And now we've had a whole different argument. But isn't he also saying that if you started at 120 months and you're using the guidelines, I should have gotten three points off from 120 months, the level that that would be for substantial assistance, and I didn't. And my criminal history was overstated. And so just to use a guideline means of determining the amount of the reduction as opposed to just the quality of the assistance. Well, the criminal history category matters only in that if the criminal history category was overstated, then the court would have to, in our analysis, would have to pick another offense level to find 120 months. So what the parties did here was find the most conservative offense level to use in that 120 months was at the high end of that guideline range, and then have a conversation with the court about what the appropriate credit that should be given for the cooperation is in the context of guidelines. But the other issue is he's arguing he should also have gotten credit at that point for acceptance of responsibility. Yes. And you say no because Alden-Jackson or good law with regard to it can't take into account anything else. Right. The only thing that the court can do under a 3553e motion is consider the quality of the cooperation. But that's why, boy, this amalgam approach is so bizarre, because you are taking things into account. No, we're not, Your Honor. I'm sorry. How did you get to the guideline? By plugging in criminal history. We found a guideline that is commensurate with 120 months. Plus by plugging in the criminal history and saying this is the more commensurate one, right? But it's an artificial construct. You can see. Exactly. It's an artificial construct because you're supposed to be starting with the mandatory minimum. We are. We are starting with 120 months. You could pick criminal history category one and find the offense level that's 120 months. You could pick criminal history category six and find the connection for 120 months. But they're different. But you didn't do that. The point is you come to different guidelines when you do that. So only because you're plugging in the criminal history are you getting the guideline you're getting. But that's just the construct that the court is using in discussing it. Then the parties can evaluate whether in here the government requested effectively a one-level departure. The defendant requested three to five-level departures. And the court ultimately said it's a two-level departure because it's a rather than talk about it in sheer percentages or in sheer number of years, it is a construct that the court is familiar in talking about how relative credit should be given to one defendant versus another and be able to measure it in a way that the parties are comfortable with. The difficulty is that you're arguing for keeping Auld and Jackson in one respect or not another. I disagree, Your Honor. I think what this procedure is consistent with Auld and Jackson and all of Auld progeny and has never, I don't think it's ever been called into question over the number of years and perhaps even decades, I think that the central district at least has used guidelines as a way of measuring a defendant's assistance, substantial assistance. And so what Auld and Jackson say is you start from the mandatory minimum sentence and the only thing that the court can consider in departing down from that is the level of the defendant's substantial assistance. And that is the discussion that was had here. All of the parties agreed to the construct that was used and expressly adopted the court's methodology. And unless the court has any additional questions, I'm happy to submit. So, as I say, I had difficulty understanding how the issue was being framed, but you think you've addressed whatever issue was before us. I don't know. I mean, I have a very hard time understanding what issue was before us. I think perhaps because the issue has changed a little bit in oral argument. The issue in the briefs was a separate question, which is not the issue in the briefs was the defendant asserts that the court erred in applying the mandatory minimum because what the defendant is arguing is that there is no Auld and Jackson are no longer good law. And that if the government files a 3553e motion, then the mandatory minimum goes away and the court should start from the otherwise applicable guidelines level, which would here be level 24. That was the argument in the brief. He's also arguing, was he arguing about Amendment 780 and what this has to do with? Yes. He, the argument was Amendment 780 abrogated Auld and Jackson, and therefore the district court erred in looking at the mandatory minimum sentence at all. That was the argument in the brief. Now, it sounds in oral argument that he's adopting this Court's view and questions at least that the mandatory minimum was the proper starting point and was raising this argument about Rule 35 and Taddeo, but the Taddeo opinion looked at the statutory interpretation of both Rule 35 and 3553e and expressly distinguished the two and said that we see no basis for importing the restrictions on 3553e relief into a post-sentencing Rule 35b sentencing. So I don't think the Rule 35 analysis has any bearing here and has no role in, again, abrogating the Auld and Jackson decisions. And so if the court believes that Auld and Jackson remain good law and that the district court properly started at the mandatory minimum sentence, then the mechanism and procedure by which the court did that I don't think is the issue on appeal, and we would ask that the sentence be affirmed. Okay.  Thank you, Your Honor. Thank you for your argument. Yes, sir. The decision of the United States v. Auld is infirmed. I'm going to tell you why. First of all, 3553e, there's nowhere in that statute or in the legislative history or in the congressional minutes that suggests that you must use the minimum mandatory as a starting point. All right. But we can't overrule Auld unless there's a reason. Something has changed. What do you say has changed? Well, the thing that the problem with Auld is that it's based on a flawed hypothetical. Okay. But we can't change it unless there is something that has changed in terms of the case law or the statutes or the guidelines. Right. And what's changed in the case law is what was written in the decision in Taddeo, which was expounded upon in the Fourth Circuit case of United States v. Spinks, which is found in the answering briefs at page 20, which basically said that no matter what the sentencing stage is, substantial assistance should be treated the same. And that in some instances and in some courts, according to whatever the prosecutors decide, oftentimes you wait until you get to the Rule 35 stage in order to do this sentencing by virtue of substantial assistance. Now, what Auld said was is that you have to start with the minimum mandatory as the starting point because if you didn't, if you had these two defendants who were co-defendants who were similarly situated, one who had a prior criminal history that would trigger a minimum mandatory, the other with no prior criminal history who rendered the same level of assistance, it wouldn't be fair to the first defendant for them both to be sentenced to the same, to receive the same sentence. The problem with that is, is that we now know under Taddeo and Spinks and other cases that have interpreted those cases. Did Taddeo overrule Auld? Did Taddeo overrule Auld? It did because it said that you must. Can it overrule Auld? I believe so. How can it? Because the Auld decision did not consider subsequent case law and also additions to the guidelines that changed the framework and the whole role of minimum mandatories under 5G1.1. Okay. Your time is up. Thank you very much. The case of United States v. Fernandez is submitted. Thank you.
judges: Berzon, Watford, Whaley